MAY TERM
1835.

Kelsy
v.
Brown.

SAMUEL KELSY v. OLIVER G. BROWN.

1. To shew notice of an appeal from the judgment of a J. P. to the circuit court, it was proved, that the appellee, about nine days before the return term of the circuit court, said that "R. had served on him a written notice of Brown's appeal."—It was also proved that R. had, about three weeks before the said term of the circuit court, absconded on account of debt (as was supposed) and had not since been heard of.
2. Held sufficient evidence that legal notice in writing was given ten days before court.

APPEAL from the circuit court of Cooper county.

Opinion of the court delivered by TOMPKINS, WASH, Judge, dissenting.

Kelsy sued Brown before a justice of the peace, and judgment being there rendered in his favor, Brown appealed on a day subsequent to the trial, from the judgment of the justice to the circuit court. That court, on Kelsy's motion, dismissed the cause for want of notice of the appeal from the justice; and to reverse the judgment of the circuit court Brown now prosecutes his appeal in this court.

To shew notice of an appeal from the judgment of a J. P. to the circuit court, it was proved, that the appellee, about nine days before the return term of the circuit court, said that "R. had served on him a written notice of Brown's appeal." It was also proved that R. had, about three weeks before the said term of the circuit court, absconded on account of debt (as was supposed) and had not since been heard of.

It appears from the evidence in the bill of exceptions that about nine days before the beginning of the term of the circuit court, to which term the appeal of Brown was returned; a witness heard Kelsy say that a man by the name of Reed had served on him a written notice of Brown's appeal; this witness also testified that about three weeks before the time Kelsy made the admission aforesaid, Reed had absented himself, and as he was generally embarrassed in his circumstances, it was believed he had absconded, and that nothing had been since heard of him. The statute requires that when the appeal is not taken on the day of trial the appellee shall be notified in writing, at least ten days before the sitting of the next court, authorised to try the same. See 23 sec. of the "act to establish justices' courts, passed 21st February 1825."

No copy of the notice served on Kelsy seems to have been kept by the defendant Brown.

Prudence requires that a party wishing to notify another of an appeal, as in this case, should cause two notices to be written, one for the person who is to serve the notice on the other party to the suit, and the other for the other party himself. The person serving the notice might then either appear in court on the day of trial and prove the service of notice shewing the written notice which he

had kept, or might under the statute have made affidavit, on the back of the notice he kept, of the service thereof. But the appellant's agent, who is admitted by the appellee to have notified him in writing about nine days before the commencement of the term, had absented himself three weeks before and had not been heard of, and was believed to have left the country.

It is the opinion of a majority of the court that the appellant had given proof enough to entitle him to the privilege of introducing secondary evidence of the service of the notice. The appellant might then have given inferior evidence to prove the contents of written notice by any one who could prove it. But the appellee has admitted the service of written notice, and it is fair to presume that the notice was sufficient as he did not object to it for insufficiency.

The judgment of the circuit court is therefore reversed, and the cause is remanded and that court is required to allow the parties to proceed to trial.

MAY TERM
1835.

Kelsy
v.
Brown.

Held sufficient evidence that legal notice in writing was given ten days before court.